UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOINA ALMAZON,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>SAFEGUARD PROPERTIES, LLC,<br><br>                    Defendant. | 19 Civ. 10893 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

    Upon reviewing Plaintiff's complaint, the Court noted that all of the events giving rise to Plaintiff's claims took place at her home located in Hicksville, New York, which is in Nassau County.  Plaintiff alleges that Defendant, *inter alia*, entered her home in Hicksville, changed the locks, shut off the electricity, removed a shed, damaged and removed personal property, left the garage and back yard open, and removed boarding from the windows exposing the home to the elements and allowing rodents, debris and insects to enter her home. (Dkt. #1, Complaint ¶¶ 5-8, 12).  Defendant Safeguard Properties Management, LLC ("Safeguard") is a citizen of Delaware and Ohio. (Dkt. #1, Notice of Removal ¶ 18).  On January 7, 2020, Defendant notified the Court that Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York.  (Dkt. #5).  This case, therefore, appeared to the Court to be properly venued in the United States District Court for the Eastern District of New York.

    On January 23, 2020, the Court ordered the parties to show cause why the case should remain before the United States District Court for the

Southern District of New York.  (Dkt. #6).  The Court explained that absent good cause shown, the Court would issue an order transferring this case to the Eastern District.  (*See id.*).

Safeguard filed a letter with the Court on January 28, 2020, stating that it agrees with the Court's assessment that the proper venue for the case is the Eastern District of New York, and that it has no objections to the transfer of this matter.  (Dkt. #7).  Almazon filed a letter on February 4, 2020, requesting that the case remain in the Southern District for the following reasons: (i) Safeguard removed the case from state court to the Southern District; (ii) her complaint alleges that Safeguard contracts with or is an agent of JPMorgan Chase, whose headquarters are in the Southern District; (iii) the Court is familiar with the facts and has expressed an interest in assisting the parties with settlement and if the case is transferred it would cause delay and derail the parties ability to settle; and (iv) there is no prejudice to Safeguard to litigate this case in the Southern District.  (Dkt. #8).

With respect to Almazon's first argument, this case was removed to the Southern District, rather than Eastern District, merely because Almazon originally filed her complaint in New York State Court in Manhattan.  *See* 28 U.S.C. § 1441(a).  With respect to Almazon's argument that Safeguard contracts with JPMorgan Chase, the Court notes that JPMorgan Chase is not a defendant in this action.  The Court is aware that Almazon has a separate action in the Southern District pending against JPMorgan Chase, *see Almazon* v. *JPMorgan Chase Bank, National Association,* No. 19 Civ. 4871 (VEC) (BCM),

(S.D.N.Y.). That action will not be affected by the transfer of this Almazon's suit against Safeguard.

With respect to Almazon's third argument, the Court notes that while it is of course always interested in helping parties resolve their cases, this case is at its very early stages. To date, the Court has before it only the complaint and notice of removal. The case has not yet proceeded to any discovery before the Court. The Eastern District will be just as interested in assisting the parties with settlement and proceeding this case along as would this District. Lastly, the Court sees no prejudice to either party in transferring this case to the Eastern District at such an early stage.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When determining whether a case should be transferred a court assess "whether the action to be transferred might have been brought in the transferee court; and [] whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate. *Mohsen* v. *Morgan Stanley & Co., Inc.*, No. 11 Civ. 6751 (PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

As the Court explained above, all of the events giving rise to the claims in this action occurred in the Eastern District. Almazon and her home are located in the Eastern District and Almazon has a bankruptcy proceeding currently

3

pending in such District. The Court is confident that the Eastern District will be able to fairly and efficiently adjudicate this case.

Accordingly, this action is hereby ORDERED transferred to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

Dated: February 11, 2020
       New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge